# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

**CHARLES WILLIS,**

**Peitioner,**

**v.**                      **6:08-cv-116**

**UNITED STATES OF AMERICA,**

**Respondent.**

## ORDER

Petitioner Charles Willis ("Willis") has filed a document entitled "Requesting Release and Pardon of the Property Above and Below with Merit." Doc. 31. In the case caption, Willis refers specifically to the property he seeks as "In funds from Bank of America belonging to Movant." *Id.*

On March 8, 2007, the Federal Bureau of Investigation ("FBI") seized $7,393.90 from various accounts held by Willis at Bank of America. *See* Doc. 32 at 2. The Government argues that the funds were properly seized, and that Willis's request should be denied. *Id.* at 3.

In support of its position, the Government incorporates by reference the affidavit of Ms. Debra J. Lemaster, filed in response to Willis's first request for the release of the funds seized from Bank of America, among other property. *See United States v. Julius Pinkston, et al*, Case No. 6:06-cr-026, Doc. 893, Exhibit 7.

Ms. Lemaster's affidavit details amounts seized from five separate accounts, totaling $7,393.90. *See id.* at 2-3. It also describes at length the efforts made to provide notice of the seizure, including personal notice to Willis through the following means:

1. Certified letter dated March 29, 2007, mailed to 3160 Spruce Way, College Park, Georgia 30349. The envelope was returned, marked "moved" with the forwarding address indicated as P.O. Box 1561, Red Oak, Georgia 30272.

2. Certified letter dated March 29, 2007, in care of the Bulloch County Sheriff's Office at 17257 U.S. 301 North, Statesboro, Georgia 30448. Return receipt signed "A. Best," received by the Sheriff's office on April 2, 2007.

3. Certified letter dated March 29, 2007, in care of attorney Richard M. Darden, 106 Montgomery, Savannah, Georgia 31401. Return receipt signed illegibly, but indicates notice was received on April 2, 2007.

4. Certified letter dated March 29, 2007, mailed to 848 Entertainment, Inc., at 4854 Old National Highway, Suite 163, College Park, Georgia 30349. Return receipt signed "Pamela Smith."

5. Certified letter dated March 29, 2007, mailed to 848 Entertainment, Inc., at P.O. Box 1561, Red Oak, Georgia 30272. Return receipt signed "Pamela Smith."

6. Certified letter dated March 29, 2007, mailed to Phaze 2 Home Improvements, Inc., at 4854 Old National Highway, Suite 163, College Park, Georgia 30349.

Return receipt signed "Pamela Smith."

7. Certified letter dated March 29, 2007, mailed to Phaze 2 Home Improvements, Inc., at P.O. Box 1561, Red Oak, Georgia 30272. Return receipt signed "Pamela Smith."

8. Certified letter dated March 29, 2007, sent to Bank of America, attention: Nancy Hoadley, 1425 N.W. 62nd Street, Legal Order Processing, Fort Lauderdale, Florida 33309. Return receipt signed illegibly.

*See id.* at 4-5.

In addition, public notices of seizure and intended forfeiture were published in the Wall Street Journal on April 13, 2007, April 20, 2007, and April 27, 2007. *See id.* at 6. And again, with more complete information, on February 15, 2008, February 22, 2008, and February 29, 2008. *See id.*

The Government further alleges that "both the certified letters and the publications provided written notice of the forfeiture and explained the claimant's right to file a claim of ownership to contest a forfeiture action in court," along with stating "the deadlines by which a claim must be filed and the consequences for failing to file a claim by that date." *Id.* According to FBI records, no claims were filed prior to the deadlines. *See id.* at 7. The property was subsequently declared administratively forfeited on September 30, 2008, pursuant to 21 U.S.C. § 881. *See id.*

Willis challenges the forfeiture on two grounds: (1) that the Government has failed to meet "the monetary threshold to have been seized or forfeit [sic], puruant [sic] to 18 U.S.C. 983(f), and (2) that the Government failed to provide him with sufficient notice of the forfeiture proceedings. *See Willis v. United States*, Case No. 6:08-cv-116, Doc. 31 at 1.

Willis's first argument has no basis, as 18 U.S.C. § 983(f) does not include a threshold amount or value for property to be subject to forfeiture.

With regard to his receipt of proper notice, he claims:

> Movant was not giving LEGAL NOTICE to him at the address the DEA, and FBI was awhere [sic] of his arrest, and not address on the second run in the Wall Street Journal Public Notice and no certified letter for movant to have legal claim property after counsels refuse to file in his behalf in the first notice.

*Id.* Although this argument is somewhat nonsensical and rambling, the Court gathers that Willis means to assert that notice of forfeiture should have been sent to him at the correctional institution where he was held when the certified letters were mailed, (*see United States v. Julius Pinkston, et al*, Case No. 6:06-cr-004, Doc. 446 (Order for pretrial detention entered on February 16, 2007)), and that his counsel refused to file a claim opposing forfeiture.

Supplemental Rule of Civil Procedure G ("Rule G") applies to "forfeiture action[s] in rem arising from a federal statute." Rule G(1). Rule G(4) sets forth the requirements

for providing notice of forfeiture proceedings. *See also* Fed. R. Crim. P. 32.2 (explicitly incorporating the notice provisions of Rule G(4)).

Rule G(4) provides, in relevant part, as follows:

(b) Notice to Known Potential Claimants.

. . .

(iii) Sending Notice

. . .

(B) Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of property or in a related investigation, administrative forfeiture proceeding, or criminal case.

(C) Notice sent to a potential claimant who is incarcerated must be sent to the place of incarceration.

. . .

(v) Actual Notice. A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.

Here, the Government sent eight separate notices to Willis, one of which was sent to Richard M. Darden ("Darden"), Willis's attorney. Darden appeared as Willis's attorney on February 15, 2007. Doc. 42 (Notice of Darden's appearance on behalf of Willis, and listing Darden's address as 106 Montgomery, Savannah, Georgia 31401). Although at some point during the appeal process Willis apparently began representing himself, Darden represented him at least until September 25, 2007, the date on which Willis's plea agreement was signed. *See id.*, Doc. 900 (Plea Agreement signed by Willis and Darden on September 25, 2007, and accepted by this Court on January 8, 2008).

From these filings, the Court finds that Darden represented Willis on April 2, 2007, the date on which Darden's office accepted the certified letter notifying Willis of the forfeiture. *See id.*, Doc. 893, Exhibit 7 at 4. Therefore, notice was proper under Rule G(4)(b)(iii)(B).

In addition, the Government sent a forfeiture notice to Willis at his place of incarceration, in care of the Bulloch County Sherriff's Office. *See id.* Thus, notification was also proper under Rule G(4)(b)(iii)(C).

Finally, it appears that Willis had actual notice of the forfeiture, and that notice was as least proper under Rule G(4)(b)(v). In his request he claims that his counsel refused "to file in his behalf in the first notice." *Willis v. United States*, Case No. 6:08-cv-116, Doc. 31 at 1. Based on this statement, the Court finds that Willis must have requested that his counsel file a claim. In order to make such a request, and to subsequently claim that his attorney failed to comply, he must have been aware of the proceedings.

Based on the foregoing, Willis's request for release and pardon of property is hereby *DENIED.*

*This 15th day of November 2010.*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA